# IN THE COURT OF APPEALS OF IOWA

No. 18-1670
Filed August 7, 2019

**AMY RUCHOTZKE,**
     Plaintiff-Appellant,

**vs.**

**SHAWN GERARDY,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jackson County, Henry W. Latham II, Judge.

The mother appeals from the provision of the district court's order for custody, child support, and visitation giving the father physical care of the parties' minor child. **AFFIRMED.**

Amy Ruchotzke, Baldwin, pro se.

Jenny L. Weiss of Fuerste, Carew Juergens & Sudmeier, P.C., Dubuque, (until withdrawal) for appellant.

Melissa A. Nine of Nine Law Office, Marshalltown, for appellee.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**POTTERFIELD, Presiding Judge.**

Amy Ruchotzke appeals from the provision of the district court's order for custody, child support, and visitation giving Shawn Gerardy physical care of the parties' minor child, T.G., born in October 2014. Amy contends she should be given physical care of T.G., as she is better equipped to meet his needs.[1] Her appeal is based on the claim the district court got the facts wrong.

While our review is de novo, *In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2007), we agree with the district court that the credible evidence at trial established Amy had an ongoing issue with prescription medications. Although Amy denied it, the testimony of a mutual friend—who admitted his own drug addiction and criminal acts—and the medical records from Amy's pregnancy with T.G., as well as the medical complications Amy's youngest child[2] had at birth several months before trial, showed that Amy was unable to stop using prescription drugs—even when it was in the best interests of her children. Amy, who does not have a home of her own, a job, or a cellphone, is reliant on her boyfriend to meet her and her children's needs. Additionally, Amy's boyfriend was not supportive of the relationship between his children and their mothers, and he agreed with Amy's decision to withhold T.G. from Shawn for three months before the temporary order was entered. *Hansen*, 733 N.W.2d at 700 ("The parent awarded physical care is

---

[1] Before the district court, each party requested physical care of T.G. but agreed the court could consider joint physical care. On appeal, Amy does not renew the request for joint physical care.

[2] Amy's youngest child was born approximately six months before trial; Amy's boyfriend is the child's father.

required to support the other parent's relationship with the child."); *see also* Iowa Code § 598.41(5)(b) (2017).

In contrast, Shawn continued to be employed at his parent's business and lived in the home he had for nearly eighteen years. Shawn had never kept T.G. from Amy, and his girlfriend was a positive influence in T.G.'s life and supported the relationship between T.G. and Amy.

For these reasons, we agree with the district court that Shawn is the parent "mostly likely to bring [T.G.] to health, both physically and mentally, and to social maturity." *Hansen*, 733 N.W.2d at 695. At this time, giving Shawn physical care of T.G. is in T.G.'s best interests. *See In re Marriage of Walton*, 577 N.W.2d 869, 871 (Iowa Ct. App. 1998) ("The best interests of the child[] is the first and governing consideration in determining the primary care giver of the children."). We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**